LEWIS et al. v. HOLMES et al. (two cases).

(Circuit Court of Appeals, Seventh Circuit. February 11, 1915. Rehearing
Denied May 25, 1915.)

Nos. 2134, 2135.

1. EQUITY ☞452—BILL OF REVIEW—TIME FOR FILING.
   A decree that a defendant in his lifetime held property in the posses-
   sion of a receiver in trust for a church and its members, that the trust
   estate was insolvent and unprofitable to hold, that it was for the best in-
   terests that a sale be had for distribution among those entitled to the
   proceeds, that defendant's title was such that he could not devise or
   bequeath it by will, that his interest had passed to the receiver by a
   conveyance made by defendant and a codefendant pursuant to an inter-
   locutory order, that trustees under the will of defendant, since deceased,
   took nothing under the will as against the receiver and the trust bene-
   ficiaries, that the trustees should be enjoined from asserting any right in
   any of the property, and that the receiver should be authorized to sell
   the property, reserving questions of distribution, decides the rights and
   liabilities of the parties, and is final, so that neither it nor orders pre-
   ceding it are subject to bills of review not filed within the time allowed
   for appeal from such decree.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1101–1109; Dec.
   Dig. ☞452.]

2. JUDGMENT ☞678—RES JUDICATA.
   Where a final decree adjudged that a defendant had no interest in
   property, except to hold it in trust for beneficiaries, and that his interest
   had passed by a conveyance to a receiver pursuant to an interlocutory or-
   der, his successors were excluded by the decree from any interest, and
   so long as the decree stood the manner of its further execution could not
   be questioned by them.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199,
   1221; Dec. Dig. ☞678.]

Appeal from the District Court of the United States for the Eastern
Division of the Northern District of Illinois; Julian W. Mack, Judge.

Bills of review by John A. Lewis and another, as executors of John
Alexander Dowie, deceased, against William B. Holmes and others.
From decrees dismissing the bills, complainants appeal. Affirmed.

These appeals are from decrees dismissing bills filed by complainants for
the purpose of reviewing the proceedings in the suit of William B. Holmes v.
John Alexander Dowie et al., 148 Fed. 634, commenced in the United States
Circuit Court July 7, 1906. The cases, because of the substantial identity of
controverted questions, were argued and will be disposed of together. The
litigation and its relevant facts, forming the subject-matter of the bills of re-
view now before us, are, in brief:

Holmes, on July 7, 1906, filed a bill against Dowie and others, charging,
among other things, that he (complainant) had purchased "shares of stock"
in the industrial and commercial enterprises particularly named; that Dowie
and others had established a church known as the Christian Catholic Apostol-
ic Church in Zion, wherein complainant was a member in good standing, and
which (as well as said industries) was located at Zion City, Lake county, Ill.;
that the industries were unincorporated, but were conducted in Dowie's name;
that Dowie was acting as trustee for complainant and others similarly situ-
ated in respect of the church and the industries established as stated.
Dowie was possessed of no considerable property other than that contributed

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the members of the voluntary church organization, and the contributions thus made were for the benefit of the church and its members, and in respect thereof he became the trustee, both for the members of the church and the stockholders and creditors of the industrial associations, except as to 5 per cent. thereof,' which was bestowed upon him for his sole use and enjoyment. Reference is made to Dowie's will, wherein recognition is given to the status of the funds so contributed, and to his trust relationship thereto, excepting as to such 5 per cent. It was averred that, upon Dowie's failing health and his departure from Zion in 1905, he left the management of his affairs to others; that the industries had suffered enormous losses, and the indebtedness thereof, or of the trusts alleged to exist, aggregated about $5,000,000, against assets which, upon liquidation, would prove insufficient; that, during Dowie's absence Voliva (one of the defendants in the present bills), claiming to act on his behalf, conveyed to Alexander Granger (another defendant) the so-called Zion City property. In April, 1906, Dowie commenced suit to cancel the Voliva conveyance. In May following, Dowie having been adjudged bankrupt, the proceedings in the suit against Voliva were, by stipulation, carried into and consolidated with the bankruptcy proceedings. There were general allegations of wasting of the trust estate, and the bill prayed that the court take possession of and administer the industries and properties, and declare the existence of a trust estate therein in favor of the complainant and those associated with him, as against Dowie and Granger, and that new trustees be selected to the succession of the church property, and that a receiver be appointed, etc.

To the bill, thus filed by Holmes, Dowie answered, controverting the allegations respecting the existence or breach of any trust relation; the defendants Voliva and others admitted the allegations of the bill, and averred that Granger, who held the legal title, had executed a declaration of trust; and, at this stage of the case, the court, upon a hearing which, by stipulation, was had in the bankruptcy proceedings, appointed a receiver. The latter was directed to take possession of the properties, Dowie and Granger being ordered to convey the properties claimed by them; and this was done, not only without objection by any one, but apparently pursuant to agreement between the various parties in interest.

The present bills, after giving the substantive character of the proceeding, set out, as further subjects of proposed review, sundry orders and proceedings made and had therein, viz.: (1) An order directing the receiver to hold an election for the office of general overseer of the church, the holding thereof, and confirmation of its results. (2) An order made May 31, 1907, upon the receiver's petition, which order contains the adjudication and the directions to the receiver hereafter (in the opinion) referred to. (3) Sundry orders made in confirmation of the receiver's reported compliance with the directions contained in the last-mentioned order of May 31, 1907. (4) Sundry steps in the litigation respecting payments to various persons, transfers of property, reports of administration, and confirmation thereof from time to time by the court.

One of the bills of review was filed April 10, 1909; the other, on January 14, 1911. Demurrers or motions to dismiss, interposed in each case, were sustained on March 17, 1914, on the ground that the bills failed to show a final decree to have been entered in the Holmes suit at the time the bills of review were filed, but, in the original bills affected by the determination just noted, the order of May 31, 1907, was not included; and complainants asked and obtained leave to amend each bill by its inclusion as a subject of review, and the decree of dismissal in each case was made effective as to such amended bill. Thereupon these appeals were taken.

Morton S. Cressy, of Chicago, Ill., for appellant.

Eli B. Felsenthal and Nathan G. Moore, both of Chicago, Ill., for appellees.

Before BAKER and SEAMAN, Circuit Judges, and GEIGER, District Judge.

GEIGER, District Judge (after stating the facts as above). [1] The order or decree, entered May 31, 1907, in the Holmes suit, adjudged: (1) That Dowie in his lifetime acquired, and, when the Holmes bill was filed, held, the properties in the receiver's possession, in trust for the church and its members, as averred in the bill; (2) that the trust estate is insolvent, burdensome, and unprofitable to hold, and that its and the parties' best interests demand a sale or conversion into money for distribution among those entitled thereto; (3) that Dowie's title was such that he could not devise or bequeath it by will, and that his interest, such as it was, "was intercepted and passed to the receiver herein by virtue of the conveyance made by him and the said defendant Alexander Granger * * * pursuant to the interlocutory order entered herein July 27, 1906"; (4) that Lewis (and others, trustees under the will of Dowie, then deceased, and who are complainants in the bills of review) "took and take nothing thereunder [Dowie's will] as against" the receiver and the trust beneficiaries; (5) that Lewis and the others—trustees under Dowie's will—be "perpetually enjoined from asserting any right, title, or interest" in any of the property described in the bill or then in possession of the receiver; (6) that the receiver is authorized to sell all the property upon terms deemed for the best interests of the trust estate subject to confirmation, etc.; (7) that questions of distribution be reserved for further consideration.

This decree responds directly to the claims asserted by complainant in his bill, and controverted by Dowie and his codefendants in their answers. It decides the case by fixing the rights and liabilities of the parties, and determining their interest, or want of interest, in the trust estate respecting whose existence and administration the jurisdiction of the court was invoked—and it is final. Therefore as to such decree —as well as all orders preceding it—neither of the present bills of review was filed in time, and each is subject to dismissal on that ground.

[2] Manifestly, with respect to the proceedings taken after its entry, the reviewing complainants can have no concern, because, by its express terms, Dowie, their predecessor in interest and in the litigation, is adjudged not to have any interest in the subject-matter except as trustee, and that his interest, such as it was, had been surrendered by the conveyance referred to in the decree; hence his successors were likewise excluded by such decree from any interest. In other words, the decree is such that, so long as it stands, the manner of its further execution cannot be questioned by those who are excluded from having any interest in the property affected by it.

The decree in each case is affirmed.